NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 9 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. STEPHEN YOUNG KANG, Defendant-Appellant. | No.   16-50161 D.C. No. 2:15-cr-00478-GW-1 MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted February 7, 2018[**]
Pasadena, California

Before:  GRABER and HURWITZ, Circuit Judges, and KORMAN,[***] District Judge.

Stephen Kang appeals the district court's decision to seal a restitution order.

Because Kang signed a valid appeal waiver, we dismiss the appeal.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

1.  Kang's plea agreement waived his right to appeal "the amount and terms of any restitution order." One of the restitution order's terms provides for sealing. We analyze plea agreements under contract law, *United States v. De la Fuente*, 8 F.3d 1333, 1337 (9th Cir. 1993), and a contract term providing for confidentiality is generally enforceable, *see Union Pac. R.R. Co. v. Mower*, 219 F.3d 1069, 1073–76 (9th Cir. 2000); *see also Term*, Black's Law Dictionary (10th ed. 2014) (defining terms as "[p]rovisions that define an agreement's scope; conditions or stipulations").

2.  Kang argues that because the waiver is located in a section of the plea agreement entitled "limited mutual waiver of appeal of sentence," it applies only to his sentence. That argument fails, as the waiver expressly covers the "terms of the restitution order."

**APPEAL DISMISSED**.